EXHIBIT A

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| COLLEEN LOGAN, an individual, | ) Case No. 2:19-cv-10580-DSF-MRW |
|     Plaintiff, | ) |
| | ) **STIPULATED PROTECTIVE** |
| FIELDING GRADUATE UNIVERSITY, | ) **ORDER** |
| a California Domestic Non-profit | ) |
| Corporation, and DOES 1 through 50, | ) (MRW VERSION 4/19) |
| inclusive, | ) |
|     Defendants. | ) ☐ Check if submitted without material |
| | ) modifications to MRW form |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

11
12
13
14
15
16
17
18
19
20
21

**STIPULATED PROTECTIVE ORDER**

22

1.    <u>INTRODUCTION</u>

23

    1.1    <u>PURPOSES AND LIMITATIONS</u>

24

        Discovery in this action is likely to involve production of confidential,

25

proprietary, or private information for which special protection from public disclosure

26

and from use for any purpose other than prosecuting this litigation may be warranted.

27

Accordingly, the parties hereby stipulate to and petition the Court to enter the

28

following Stipulated Protective Order.  The parties acknowledge that this Order does

not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

Plaintiff filed the instant action alleging that she was terminated from her position of employment with Defendant as the inaugural Program Director for the new Clinical Mental Health Counseling Program to be offered by Defendant in retaliation for blowing the whistle on Defendant's operation of the program. Defendant contends that one of Plaintiff's job duties/responsibilities for her position was to enroll students in the program accordance with its net income targets. Defendant asserts that Plaintiff did not enroll any students in the program she was specifically hired to launch, and as a result, Defendant discontinued her employment and the program. To support its defense that Plaintiff was terminated for legitimate, nonretaliatory reasons and that the program Plaintiff was hired to launch was discontinued, Defendant, a non-profit private educational institution, intends to produce documents relating to the financial condition of Defendant, including but not limited to documents reflecting the budgeted enrollment v. actual enrollment in the Defendant's programs and budgeted revenue/losses v. actual revenue/losses.

The Parties consider the aforementioned information to be proprietary, commercially sensitive, and private, and would result in competitive harm to Defendant in its industry if disclosed at any time. To address these concerns and avoid lengthy and expensive litigation over the issue, the Parties agree that a stipulated protective order will speed the discovery and litigation processes. The

Parties believe good cause exists for designating such information as "Confidential" as defined below.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>:   COLLEEN   LOGAN   vs.   FIELDING   GRADUATE UNIVERSITY; United States Central District of California Court Case No. 2:19-cv-10580-DSF-MRW.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

1    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

2    under this Order must be clearly so designated before the material is disclosed or

3    produced.

4          Designation in conformity with this Order requires:

5          (a)  for information in documentary form (e.g., paper or electronic documents,

6    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

7    Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

8    "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

9    portion or portions of the material on a page qualifies for protection, the Producing

10   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

11   markings in the margins).

12         A Party or Non-Party that makes original documents available for

13   inspection need not designate them for protection until after the inspecting Party has

14   indicated which documents it would like copied and produced. During the inspection

15   and before the designation, all of the material made available for inspection will be

16   deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents

17   it wants copied and produced, the Producing Party must determine which documents,

18   or portions thereof, qualify for protection under this Order. Then, before producing

19   the specified documents, the Producing Party must affix the "CONFIDENTIAL

20   legend" to each page that contains Protected Material.  If only a portion or portions of

21   the material on a page qualifies for protection, the Producing Party also must clearly

22   identify the protected portion(s) (e.g., by making appropriate markings in the

23   margins).

24         (b)  for testimony given in depositions that the Designating Party identify the

25   Disclosure or Discovery Material on the record, before the close of the deposition all

26   protected testimony.

27         (c)  for information produced in some form other than documentary and for any

28   other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.    The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3    <u>Nature of Challenge</u>.  The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

1   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
2   not be permitted to keep any confidential information unless they sign the
3   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
4   agreed by the Designating Party or ordered by the court.  Pages of transcribed
5   deposition testimony or exhibits to depositions that reveal Protected Material may be
6   separately bound by the court reporter and may not be disclosed to anyone except as
7   permitted under this Stipulated Protective Order; and

8          (i)  any mediator or settlement officer, and their supporting personnel,
9   mutually agreed upon by any of the parties engaged in settlement discussions.

10  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
11         OTHER LITIGATION

12         If a Party is served with a subpoena or a court order issued in other litigation
13  that compels disclosure of any information or items designated in this Action as
14  "CONFIDENTIAL," that Party must:

15         (a)  promptly notify in writing the Designating Party. Such notification will
16  include a copy of the subpoena or court order;

17         (b)  promptly notify in writing the party who caused the subpoena or order
18  to issue in the other litigation that some or all of the material covered by the subpoena
19  or order is subject to this Protective Order.  Such notification will include a copy of
20  this Stipulated Protective Order; and

21         (c)  cooperate with respect to all reasonable procedures sought to be pursued
22  by the Designating Party whose Protected Material may be affected.

23         If the Designating Party timely seeks a protective order, the Party served with
24  the subpoena or court order will not produce any information designated in this action
25  as "CONFIDENTIAL" before a determination by the court from which the subpoena
26  or order issued, unless the Party has obtained the Designating Party's permission.
27  The Designating Party will bear the burden and expense of seeking protection in that
28  court of its confidential material and nothing in these provisions should be construed

1  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful
2  directive from another court.

3  9.  A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE
4  PRODUCED IN THIS LITIGATION

5  (a)  The terms of this Order are applicable to information produced by a
6  Non-Party in this Action and designated as "CONFIDENTIAL." Such information
7  produced by Non-Parties in connection with this litigation is protected by the
8  remedies and relief provided by this Order. Nothing in these provisions should be
9  construed as prohibiting a Non-Party from seeking additional protections.

10  (b)  In the event that a Party is required, by a valid discovery request, to
11  produce a Non-Party's confidential information in its possession, and the Party is
12  subject to an agreement with the Non-Party not to produce the Non-Party's
13  confidential information, then the Party will:

14  (1)  promptly notify in writing the Requesting Party and the Non-Party
15  that some or all of the information requested is subject to a confidentiality agreement
16  with a Non-Party;

17  (2)  promptly provide the Non-Party with a copy of the Stipulated
18  Protective Order in this Action, the relevant discovery request(s), and a reasonably
19  specific description of the information requested; and

20  (3)  make the information requested available for inspection by the Non-
21  Party, if requested.

22  (c)  If the Non-Party fails to seek a protective order from this court within
23  14 days of receiving the notice and accompanying information, the Receiving Party
24  may produce the Non-Party's confidential information responsive to the discovery
25  request. If the Non-Party timely seeks a protective order, the Receiving Party will not
26  produce any information in its possession or control that is subject to the
27  confidentiality agreement with the Non-Party before a determination by the court.
28  Absent a court order to the contrary, the Non-Party will bear the burden and expense

1    of seeking protection in this court of its Protected Material.

2    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4    Protected Material to any person or in any circumstance not authorized under this

5    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

6    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

7    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

8    persons to whom unauthorized disclosures were made of all the terms of this Order,

9    and (d) request such person or persons to execute the "Acknowledgment and

10   Agreement to Be Bound" that is attached hereto as Exhibit A.

11   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12          PROTECTED MATERIAL

13         When a Producing Party gives notice to Receiving Parties that certain

14   inadvertently produced material is subject to a claim of privilege or other protection,

15   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

17   may be established in an e-discovery order that provides for production without prior

18   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

19   parties reach an agreement on the effect of disclosure of a communication or

20   information covered by the attorney-client privilege or work product protection, the

21   parties may incorporate their agreement in the stipulated protective order submitted to

22   the court.

23   12.    MISCELLANEOUS

24         12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

25   person to seek its modification by the Court in the future.

26         12.2    Right to Assert Other Objections.  By stipulating to the entry of this

27   Protective Order no Party waives any right it otherwise would have to object to

28   disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  If a Party intends to include any Protected Material in any motion or other document filed with the Court, it must seek to file under seal the Protected Material in accordance with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Intent to Be Bound by Terms</u>. After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Protected Materials that have been produced before the Court signs this Stipulated Protective Order. The Parties and all signatories to the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Protected Materials under the terms herein.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    <u>VIOLATION OF ORDER</u>

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

///
///
///
///
///
///
///
///
///
///
///

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  June 4, 2020                 O'Hagan Meyer

4

5                                 By: _____

6                                    CLINT D. ROBISON

                                   Attorneys for Defendant

7                                    FIELDING GRADUATE UNIVERSITY

8

9    DATED:       June 5, 2020             Workplace Justice Advocates, PLC

10

11

12                                 By: _____

13                                    Tamara S. Freeze, Esq.

                                   Shirin Forootan, Esq.

14                                    Attorneys for Plaintiff COLLEEN

15                                    LOGAN

16

17   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19

20    DATED: _June 8, 2020_____        _____

21                                    HON. MICHAEL R. WILNER

                                   United States Magistrate Judge

22

23

24

25

26

27

28

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

15